UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ANTOINETTE ALLEN, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>MARY L. ELGIN, Individually and in her )<br>official capacity as Trustee of Calumet )<br>Township, Lake County, Indiana, et al., )<br>)<br>Defendants. ) | CAUSE NO.:  2:04-CV-001-PS |

**REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on Defendant's Motion for Sanctions for Failure to Comply with Court Order Compelling Discovery [DE 46], filed by Defendant Mary L. Elgin, individually and in her official capacity as Trustee of Calumet Township, on October 19, 2005.  The Plaintiffs have not filed a response to the Motion to Compel as of the date of this Order.  In the motion, the Defendant seeks an order of the Court sanctioning certain of the Plaintiffs for failing to comply with the Court's September 19, 2005 Order.  On November 22, 2005, District Court Judge Philip Simon entered an order [DE 49] referring the Motion for Sanctions to the undersigned Magistrate Judge for a report and recommendation.

On December 23, 2004, Defendant Elgin served the Plaintiffs with Defendant's Interrogatories to Plaintiffs and Defendant's Request for Production of Documents to Plaintiffs (collectively "Defendants Discovery Requests").  On February 22, 2005, the Plaintiffs requested from Defendant Elgin, and were granted, up to and including April 23, 2005, to serve answers to Defendant Elgin's discovery requests.  On April 28, 2005, counsel for Defendant Elgin sent a letter

to counsel for the Plaintiffs via fax and U.S. mail regarding the awaited responses to Defendant's Discovery Requests.  On May 11, 2005, counsel for Defendant Elgin sent another letter to counsel for the Plaintiffs via fax and U.S. mail regarding the awaited responses to Defendant's Discovery Requests.  On May 12, 2005, the Plaintiffs requested from Defendant Elgin, and were granted, up to and including May 27, 2005, in which to provide Defendant Elgin with answers to the Defendant's Discovery Requests.  On June 7, 2005, counsel for Defendant Elgin sent a letter to counsel for the Plaintiffs via fax and U.S. mail regarding the still awaited responses to Defendant's Discovery Requests.

On July 25, 2005, counsel for Defendant Elgin sent a final letter to counsel for the Plaintiffs advising of his intention to file the instant Motion to Compel.  On July 26, 2005, Attorney Suarez, one of the Plaintiffs' counsel, responded to the July 25, 2005 letter and reported that he was recovering from major surgery and would be unable to work for approximately one month.  As of the date of the Defendant's motion, her counsel had not received any response to the July 25, 2005 letter from the Plaintiffs' other counsel, Attorney Graddick.

On September 16, 2005, the Court granted the Defendant's Motion to Compel and ordered the Plaintiffs to respond fully to all of the Defendant's Discovery Requests, initially served on December 23, 2004, on or before October 5, 2005.  The Court wrote: "A failure on the part of the Plaintiffs to comply with this Court order may result in discovery sanctions against the Plaintiffs in light of their ongoing failure to promptly respond to the Defendant's Discovery Requests and of their lack of response to this Motion to Compel."  The Court denied the Defendant's request for sanctions at that time, but indicated that a renewed motion would be considered in the event the Plaintiffs did not comply with the Court's Order.

On October 5, 2005, the Plaintiffs filed a Motion for Extension of Time to Submit Discovery

and requested a forty-five day extension to respond to discovery.  The Court denied this motion on October 18, 2005.

On October 5, 2005, the Plaintiffs provided a partial response to the Defendant's discovery requests.  Plaintiffs Carolyn Shirley-Reed, Stephanie Davis, Cassandra Ford, Arlene Lyons, James Bess, Edmund Vasquez, and Tan O. Stephens provided discovery responses.  The Defendant does not allege in the motion that these responses were insufficient.  The Defendant's description of many of the responses as being "a two-page response" and providing "some documentary evidence" does not allege a qualitative deficiency with the responses.

However, the Defendant does allege that Plaintiffs Antoinette Allen, Brandy Gaskin, Lori Joyce, Anna M. Karras, Anthony F. Karras, Jeffery Karras, Theodore Karras, Louise Neese, Cruzita Rivera, Mechelle Smith-Gordon, Kirkston Spann, Barbara J. Suarez, and Janice Ward wholly failed to comply with the Court's September 16, 2005 Order.  Further, the Defendant argues that she would be prejudiced in the taking of the depositions of Louise Neese, Cruzita Rivera, Mechelle Smith-Gordon, Kirkston Spann, Barbara J. Suarez, and Janice Ward as scheduled on October 20 and October 21, 2005 because she had not received discovery responses from these Plaintiffs.  The Defendant notes that the discovery deadline in this matter is January 30, 2006, with a dispositive motion deadline of March 6, 2006.

Under Rule 37(b)(2), the Defendant requests that the Court either dismiss this action as to the named Plaintiffs who have failed to comply with the Court's September 16, 2005 Order or, in the alternative, to enter an order refusing to allow those Plaintiffs to support or oppose designated claims pertaining to all discovery requests with which the Plaintiffs have failed to comply as of the date of the motion.  The Defendant also seeks attorney fees and expenses.  As noted above, the Plaintiffs have not filed a response.

Federal Rule of Civil Procedure 37(b)(2) provides that, if a party fails to comply with a court's order to provide or permit discovery, the court may enter an order such as is just, including:

> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
> (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;
> (E) Where a party has failed to comply with an order under Rule 35(a) requiring that party to produce another for examination, such orders as are listed in paragraphs (A), (B), and (C) of this subdivision, unless the party failing to comply shows that that party is unable to produce such person for examination.
> In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2).

Having considered the unfolding of the discovery dispute, the length of time during which Plaintiffs did not provide discovery responses to the Defendant, and the Plaintiffs' failure to respond to the instant motion or the motion to compel, the Court **RECOMMENDS** that the District Court **GRANT in part** and **DENY in part** the Defendant's Motion for Sanctions for Failure to Comply with Court Order Compelling Discovery [DE 46]. The Court **RECOMMENDS** that the Motion for Sanctions be **DENIED** as to the requested sanction of dismissal of the Plaintiff's case but **GRANTED** as to the alternate relief sought under Rule 37(b)(2)(B) and the imposition of attorney fees. The Court **RECOMMENDS** that Plaintiffs Antoinette Allen, Brandy Gaskin, Lori Joyce, Anna M. Karras, Anthony F. Karras, Jeffery Karras, Theodore Karras, Louise Neese, Cruzita Rivera,

Mechelle Smith-Gordon, Kirkston Spann, Barbara J. Suarez, and Janice Ward not be permitted to support or oppose designated claims or defenses pertaining to the unresponded to discovery requests. The Court further **RECOMMENDS** that Plaintiffs Antoinette Allen, Brandy Gaskin, Lori Joyce, Anna M. Karras, Anthony F. Karras, Jeffery Karras, Theodore Karras, Louise Neese, Cruzita Rivera, Mechelle Smith-Gordon, Kirkston Spann, Barbara J. Suarez, and Janice Ward be jointly and severally liable for the reasonable expenses, including attorney fees, incurred by the Defendant in bringing the instant Motion for Sanctions.  Upon adoption of this recommendation by the District Court, if adopted, the imposition of attorney fees is subject to the submittal and court approval of affidavits by the Defendant setting forth a complete itemization of the attorney fees incurred by the Defendants with respect to the preparation of the Motion for Sanctions.

This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(B). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have ten (10) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court.  The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

SO ORDERED this 23rd day of November, 2005.

 s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc:     All counsel of record