# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| ANTOINETTE ALLEN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 2:04 CV 001 PS |
| ) | |
| MARY L. ELGIN, individually and in her ) | |
| official capacity as Trustee of Calumet ) | |
| Township, Lake County, Indiana, *et al*., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court are Plaintiffs' objections to the Report and Recommendation of Magistrate Judge Paul Cherry [DE 50] regarding a motion for sanctions filed by Defendant Mary Elgin based on certain Plaintiffs' failure to comply with a discovery order. [DE 46] For the reasons that follow, the Court overrules Plaintiffs' objections and **ADOPTS** Judge Cherry's Report and Recommendation in its entirety.

## BACKGROUND

Judge Cherry's Report and Recommendation comprehensively recites the facts underlying Defendant's motion for sanctions. [DE 50] To avoid redundancy, we summarize them briefly below. On December 23, 2004, Defendant served written discovery requests on Plaintiffs. *Id*. Plaintiffs requested and were granted an extension of time to respond to those requests, up to and including April 23, 2005. *Id*. Plaintiffs never held up their end of the bargain. *Id*. Defendant sent two letters to Plaintiffs regarding their failure to respond. *Id*. In May 2005, Plaintiffs requested and were given an additional two weeks to respond to the

outstanding discovery requests. *Id*. That date came and went without any response by Plaintiffs. *Id*. In July 2005, Defendant sent another letter to Plaintiffs' counsel advising them that their inaction has forced Defendant to file a motion to compel. *Id*.

In September 2005, Magistrate Judge Cherry granted Defendant's motion to compel and ordered Plaintiffs to respond to the outstanding discovery requests (initially served in December 2004) by October 5, 2005. [DE 42] Judge Cherry declined to impose sanctions at that time but explicitly warned Plaintiffs that failure to comply with his order could result in future sanctions in light of Plaintiffs' ongoing failure to respond to discovery in a timely manner. *Id*.

On October 5, 2005, approximately seven of the twenty Plaintiffs provided some response to the discovery requests. The other thirteen Plaintiffs did not. The same day, Plaintiffs boldly moved for an additional 45 days to provide further responses. [DE 43] Judge Cherry denied the motion. [DE 45] Defendant then filed the motion for sanctions currently at issue. [DE 46] Defendant asked for dismissal of the case and other alternative sanctions. *Id*. Plaintiffs never filed a response.

This Court referred the motion to Judge Cherry for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). [DE 49] Judge Cherry recommended that the motion be granted in part and denied in part. [DE 50] Specifically, Judge Cherry recommended that the sanction of dismissal is not warranted, but that the Plaintiffs who failed to respond to the discovery requests be precluded from supporting or opposing designated claims or defenses pertaining to the discovery requests at issue and that they be held jointly and severally liable for reasonable expenses incurred by Defendant in bringing its motion for sanctions. *Id*.

Plaintiffs objected to Judge Cherry's Report and Recommendation. [DE 51] Plaintiffs argue that the Court should not adopt the Report and Recommendation because: 1) notwithstanding Plaintiffs' conduct, Defendant has been able to depose certain Plaintiffs; 2) Plaintiffs are willing to present themselves for deposition; and 3) Plaintiffs have not intentionally or maliciously thwarted discovery in this matter. *Id*.

## DISCUSSION

When a party objects to a magistrate's report and recommendation, the district court "shall make a *de novo* determination of those portions of the report . . . or recommendations to which objection is made." 28 U.S.C. §636(b)(1)(C). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; Fed. R. Civ. P. 72(b).

Plaintiffs' objections to Judge Cherry's Report and Recommendation lack merit. None of the objections addresses the crux of Judge Cherry's order, which is Plaintiffs' extraordinary refusal to respond to Defendant's discovery requests over a period of ten months, despite having received multiple, generous extensions from Defendant and being ordered to do so by the Court. In granting Defendant's motion to compel in September 2005, Judge Cherry declined to impose sanctions at that time but explicitly warned Plaintiffs that sanctions were looming if they did not respond fully by October 5, 2005. Some Plaintiffs heeded Judge Cherry's warning but others apparently did not. When the time came to step up and cure their prior dilatory behavior, many of the Plaintiffs continued to sit on their hands and requested an additional 45 days to respond. This conduct warranted the sanctions recommended by Judge Cherry. *See Zenith Electronics Corp. v. WH-TV Broadcasting Corp.*, 395 F.3d 416, 420 (7th Cir. 2005) (affirming sanction

under Rule 37(b)(2)(B) that barred evidence of a damages theory where the party proposing the theory failed to respond to interrogatory with a description of the theory and proof to support it).

Having reviewed Judge Cherry's Report and Recommendation *de novo*, the Court agrees with the reasoning therein and finds that the sanctions recommended by Judge Cherry pursuant to Fed. R. Civ. P. 37(b)(2) are appropriate in this case.  Thus, the Court overrules Plaintiffs' objections to Judge Cherry's Report and Recommendation and hereby **ADOPTS** the Report and Recommendation in its entirety.  Defendant's Motion for an Expedited Ruling [DE 84] is **DENIED AS MOOT.**

**SO ORDERED.**

ENTERED:  June 19, 2006

                                                s/ Philip Simon
                                                Philip P. Simon, Judge
                                                United States District Court